### FRANK ROSS v. THE STATE.

#### No. 4036.   Decided March 18, 1908.

**1.—Local Option—Indictment.**

Where upon trial for a violation of the local option law, the indictment followed approved precedent, there was no error. Following Massie v. State, 52 Texas Crim. Rep., 548.

**2.—Same—Evidence—Other Transactions—Impeachment—Collateral Attack.**

Upon trial for a violation of the local option law, testimony on cross-examination of defendant's witnesses that they had a bottle of whisky each, in what was termed the clubroom, at the time it was closed by the officers, and the contents thereof taken under a search warrant, was inadmissible, either as direct or impeaching testimony, as it was in no way connected with the offense charged. A party can not be impeached on collateral or irrelevant matter.

**3.—Same—Charge of Court—Weight of Evidence.**

Where upon trial for a violation of the local option law, defendant testified in his own behalf and the State's witness was a detective, the court's charge that the jury were the exclusive judges of the facts proved and of the credibility of the witnesses, etc., and that the mere fact that any witness may be a hired detective, or the defendant in the case, was not in itself sufficient to discredit him, but could be considered in testing the witness' credibility, was on the weight of the evidence. Following Muely v. State, 31 Texas Crim. Rep., 155.

**4.—Same—Accomplice—Charge of Court.**

The Legislature has provided that a conviction may be had upon the uncorroborated testimony of the purchaser of intoxicating liquor in local option territory.

Appeal from the County Court of Montague. Tried below before the Hon. George S. March.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and forty days confinement in the county jail.

The opinion states the case.

*Jas. A. Graham,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law. Matters in regard to the indictment in this case have been discussed, and decided adversely to appellant in the case of Massie v. State, decided at the present term. The disposition of those questions will dispose also of the objections to the introduction and admission of the orders of the commissioners court complained of in bill of exceptions No. 2.

Over the objection of appellant, by each of the witnesses, Leonard and Pryor, the State was permitted to prove that they had a bottle of whisky or some whisky in what is termed a clubroom at the time it was closed by the officers, and the contents thereof taken under a search warrant. This whisky they kept in the room for their own purposes, out of which they drank at their pleasure. The matter was in no way connected with the alleged sale of the whisky by appellant to the alleged purchaser Bowman. This was elicited by the State on cross-examination of the witnesses who appeared for appellant. The objection urged was immateriality and irrelevancy, and further that it could throw no light upon any legitimate issue of the case. We think these objections were well taken. There was no other purpose for which this evidence could be introduced except for that of impeachment, and for this purpose it was not admissible. The mere fact that a witness would keep a bottle of whisky in his clubroom, or in his house of business or in his private residence, does not afford a ground of impeachment of his credibility, and the fact that a witness in no way connected with the sale alleged, but simply testifying in the case as such witness, cannot be thus attacked, and proof of the mere fact that he may keep whisky at his business house or residence could throw no light on the transaction between the accused and a third party who was the purchaser. We think it was wholly immaterial and irrelevant and could throw no light or tend to throw any light on this transaction. A party cannot be impeached on collateral and irrelevant matters in this manner.

Among other things, the court charged the jury as follows: "You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given their testimony, and the mere fact that any witness may be a hired detective or the defendant in the case is not in either case within itself sufficient to cause you to discredit them, but may be considered by you in arriving at your verdict and to test their credibility; you are bound to receive the law from the court which is herein given you and be governed thereby." This is assigned as error in the motion for new trial and relied upon for reversal. This charge is clearly upon the weight of the testimony and inhibited. See White's Penal Code, article 715 and paragraphs 808–9–10 for collation of a great number of authorities too numerous to copy in the opinion. The attention of the jury is directly called to the evidence of the defendant who testified in his own behalf, and the jury instructed that this fact of itself is not sufficient to discredit him, but they might consider his evidence in arriving at a verdict and to test his credibility as well as the credibility of the witness, Bowman, who was a hired detective to work up local option cases. With reference to that portion of the charge, referring especially to appellant's testimony, it has been condemned by this court in its decisions. See Muely v. State, 31 Texas Crim. Rep., 155. This decision has been followed by quite a line of cases. With reference to both witnesses the charge is a charge

upon the weight of the testimony. Upon another trial the charge as given should be avoided.

In refusing the requested instruction asked by appellant to the effect that a conviction could not be had upon the uncorroborated testimony of an accomplice, the court was not in error. The supposed accomplice was the purchaser. The Legislature has provided that a conviction may be had upon the uncorroborated testimony of the purchaser of intoxicating liquor in local option territory.

For the two errors discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*